GLICKSTEIN, Judge,
concurring specially.
Involved herein is a developer’s purchase and sale agreement with a prospective buyer. The specific title of the document is “THE VILLAGE AT BOCA RIO PURCHASE AND SALE AGREEMENT.”
Among the introductory lines of the agreement is the following: “LOT AND VILLANO_; OR LOT AND TOWN-HOME NO. JJ.” Paragraph 1 of the agreement reads as follows:
1. AGREEMENT TO PURCHASE: Seller agrees to sell and Purchaser agrees to purchase the above described Lot together with Townhome or Villa. The Lot together with Townhome or Villa and the Village at Boca Rio are legally described and depicted in greater detail in the proposed Homeowner’s Documen *961 tation and related materials delivered to Purchaser.
All of the relevant so-called documentation to which paragraph 1 of the agreement refers is blank; thus Mayer should govern.
The developer’s answer does not raise the defense to which the dissent alludes, nor does the dissent provide evidentiary support in the record nor precedential authority for the viability of the theory upon which the dissent is based; namely, the actual knowledge of the parties of the location of the proposed townhouse as precluding summary judgment pursuant to section 725.01, Florida Statutes (1985).
I agree with the following conclusions of the trial court:
4. No evidence was presented that any other property description, other than those contained in the “Contract” and the “Homeowner’s Documentation,” was made apart [sic] of or incorporated into the “Contract.”
5. The Defendant made no proffer to aid, supplement or explain the property description contained in the “Contract” or the “Homeowner’s Documentation” by affidavit or otherwise.
6. No other affidavits, or offers of proof were proffered by either party, and only those facts alleged in Plaintiffs Complaint which were admitted to by the Defendant are relied upon herein, or are apart [sic] of this record.
7. The property description contained in the “Contract” and accompanying “Homeowner’s Documentation” does not as a matter of law adequately describe the property being sold, nor does it furnish the means by which the realty can be identified with reasonable certainty.
8. As a result of the inadequate property description the Defendant did not deliver to Plaintiff a complete, legally enforceable contract, hence the contract was voidable.
9. The Plaintiff did exercise his right to void the “Contract” and demand the return of his money, and has not waived his right by acquiescence for an unreasonable length of time. Mayer v. First National Company of Sarasota.